THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ETHEL K. CRAIG, Appellant.

Argued October 8, 1945; decided January 17, 1946.

*Henry Hunter* for appellant. I. The requirements of section 480 of the Code of Criminal Procedure were not observed. (*People* v. *Nesce,* 201 N. Y. 111.). II. The County Court having granted defendant's motion in arrest of judgment had no jurisdictional power to vacate or revoke it. (*People* v. *Reiser,* 240 App. Div. 36; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151; *People* v. *Tripodi,* 262 App. Div. 939; *People* v. *Reed,* 276 N. Y. 6; *Ludwig* v. *Walker,* 138 App. Div. 850; *Haviland Building Corp.* v. *Scadron,* 243 App. Div. 626; *Schenectady Trust Co.* v. *Emmons,* 290 N. Y. 225; *Stevens* v. *Superior Court,* 7 Cal. 2d 110; *Burnside* v. *Wand,* 170 Mo. 531; *Love* v. *State Bank,* 126 Tex. 591; *Pucinelli* v. *United States,* 5 F. 2d 6; *Liddell* v. *Landau,* 87 Ark. 438.)

*Stanley B. Johnson, District Attorney (Donald H. McCann* of counsel), for respondent. I. Respondent concedes that appellant should be returned to the County Court for the purpose of permitting her to be questioned as provided in section 480 of the Code of Criminal Procedure and thereafter appropriate action taken as provided by statute. (*People* v. *Nesce,* 201 N. Y. 111.) II. Under the circumstances surrounding the granting of the so-called motion in arrest of judgment, and the obvious mutual misapprehension of the court and the attorneys for both respondent and appellant, the judgment of conviction should be affirmed. (*People* v. *Adler,* 140 N. Y. 331; *Ladd* v. *Stevenson,* 112 N. Y. 325; *Clark* v. *Scovill,* 198 N. Y. 279; *In re Board of Directors of Automatic Chain Co.,* 134 App. Div. 863; *Vanderbilt* v. *Schreyer,* 81 N. Y. 646; *Bohlen* v. *M. E. R. Co.,* 121 N. Y. 546; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 21; *People* v. *McGrath,* 202 N. Y. 445.)

LOUGHRAN, Ch. J. In June, 1943, the defendant Ethel K. Craig was convicted of arson in the first degree after a trial in the County Court of Orange County. The verdict of guilty rejected a plea of insanity which had been submitted to the jury. (See Code Crim. Pro., §§ 336, 454.) Before sentence was pronounced, two qualified examiners in lunacy found the defendant to be insane and the court upon their report committed her to Matteawan State Hospital " to be kept in custody until further disposition pursuant to the laws of the State of New York." In June, 1944, the defendant was released from that commitment and remanded to the custody of the Sheriff of Orange County with the consent of the Attorney-General, who acted in behalf of Matteawan State Hospital.

During the defendant's detention in that hospital, her counsel made a motion " for arrest of judgment on the ground that it appears that the defendant may be insane " and thereupon the court said: " I will grant that." Upon reargument, however, that motion was denied in July, 1944, for reasons stated as follows: " The Court never intended to grant a motion for arrest of judgment, but treated it as a motion to defer imposition of sentence. It was done so casually that the Court quite evidently did not consider it as a motion for arrest of judgment." In December, 1944, the court sentenced the defendant

to confinement in the State prison for women for a term of not less than ten years nor more than twenty-five.

This judgment was affirmed by the Appellate Division, two Justices dissenting. Leave to appeal to this court was allowed to the defendant by our late Chief Judge LEHMAN.

(1) The defendant's main point is phrased thus: " The County Court having granted defendant's motion in arrest of judgment had no jurisdictional power to vacate or revoke it." Such a contention necessarily supposes that the order arresting the judgment embodied a ruling which was actually made and was not a mere inadvertence of the Trial Judge, for the inherent power of the court to conform its records to the evident truth cannot be denied. (*People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151.)

Insanity of the defendant is not a ground for arresting a judgment (Code Crim. Pro., §§ 467, 331), but is rather a legal cause why judgment should not be pronounced against him until he becomes sane (Code Crim. Pro., §§ 480–481, 658–662-f).

Section 470 of the Code of Criminal Procedure says: " When judgment is arrested, and it appears that there is not evidence sufficient to convict the defendant of any crime, he must, if in custody, be discharged; or, if under bail, his bail must be exonerated; or, if money has been deposited instead of bail, it must be refunded; and in such case the arrest of judgment operates as an acquittal of the charge upon which the indictment was found; but, if there is reasonable ground to believe the defendant guilty, and a new indictment can be framed upon which he may be convicted, the court may order him to be recommitted or admitted to bail anew to answer the new indictment; if there is reasonable ground to believe him guilty of another crime, he must be committed or held to answer therefor; and in no case, when recommitted or held to answer, is the former verdict a bar to a new indictment." On the motion in question, however, the defendant was neither discharged nor recommitted; instead she was kept in custody as an insane person.

The People did not here appeal from the alleged arresting of the judgment, as it would have been their right to do if the judgment had in fact been arrested (see Code Crim. Pro., § 518, subd. 2). On the other hand, the defendant — after the alleged

arresting of the judgment — appealed from her conviction to the Appellate Division where the appeal was dismissed (267 App. Div. 907).

From every viewpoint, then, the motion " for arrest of judgment " appears to have been taken by the County Court and by the respective counsel for no more than an application for postponement of sentence on the ground of the defendant's insanity (see Code Crim. Pro., § 662-b). Hence the court had ample warrant for its denial, upon reargument, of the motion " for arrest of judgment ", and the corresponding correction of the records of the court was thus a matter of course.

(2) When the defendant was arraigned for sentence the clerk did not ask whether she had any legal cause to show why judgment should not be pronounced against her, a step that was enjoined by section 480 of the Code of Criminal Procedure. Whether that requirement is absolute in cases of noncapital felonies or may be waived in such cases is a question that is not presented by this record. (Cf. *People* v. *Nesce,* 201 N. Y. 111; *People* v. *La Barbera,* 274 N. Y. 339. See 2 Bishop's New Criminal Procedure [2d ed.], § 1293.) We know the defendant did not except to the failure of the clerk to inquire whether she had anything to say why judgment should not be rendered. In our opinion, an exception was made unnecessary by the essential nature of the right that was violated (see *People* v. *Bradner,* 107 N. Y. 1, 4–5). But a new trial is not called for. Upon a rearraignment of the defendant for judgment, she may be asked by the clerk whether she has any legal cause to show why judgment should not be pronounced against her (*People* v. *Nesce, supra*); and any issue in respect of her sanity may then be dealt with conformably to sections 481 and 482 of the Code of Criminal Procedure.

The judgments should be reversed and the case remitted to the County Court for further proceedings upon the verdict in accordance with the statute.

Lewis, Conway, Desmond, Thacher, Dye and Medalie, JJ., concur.

Judgments reversed, etc.