█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN FRANCIS DAWES, Appellant.— The defendant, represented by an attorney, at a term of the Fulton County Court in the Court House at Johnstown on October 19, 1955, entered a plea of guilty to charges contained in an indictment. Immediately thereafter his statement was taken by the clerk and among other inquiries he was asked if there was any reason why sentence should not be pronounced against him in accordance with section 480 of the Code of Criminal Procedure, to which he replied "No". None of this is disputed by the defendant. Immediately thereafter and while still represented by an attorney, the District Attorney read an information charging said defendant with being a second offender, to which he admitted and was accordingly sentenced. The defendant by way of a writ of error *coram nobis* now seeks to raise the question that after being charged with the information of being a second offender, he should have been again advised of his rights under section 480 of the Code of Criminal Procedure. Admitting as he does that all of the proceedings took place at one time and in sequence as mentioned above, there is no merit to his contention that he should again have been advised of his rights under the circumstances of this particular case. In *People* v. *Sullivan* (3 N Y 2d 196, 197–198) the court said: "A writ of error *coram nobis* may not be invoked to show an error of law apparent on the face of the record. On the day of the sentence, conceding the defendant's claim to be true, it was

possible to ascertain from the record alone whether the mandate of section 480 of the Code of Criminal Procedure was followed. Hence the defendant's claim was reviewable upon an appeal of the judgment of conviction (*People* v. *Nesce,* 201 N. Y. 111; *People* v. *Craig,* 295 N. Y. 116). Therefore, the defendant may not be permitted to forego his right of appeal from the judgment and resort to the remedy of *coram nobis*". Order of the Fulton County Court affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.