Per Curiam.

Relator, on November 14, 1932, was sentenced by the Court of General Sessions as a second felony offender upon a jury verdict convicting him of first degree manslaughter. Relator was paroled in 1951 but was later declared delinquent *344 and returned to prison on September 16, 1957 to serve the unexpired term of 4 years, 3 months and 27 days.
Relator instituted this habeas corpus proceeding, attacking the jurisdiction of the court to impose sentence upon him as a second offender. He contends that, since the Court of General Sessions failed to comply with the requirements of section 480 of the Code of Criminal Procedure in sentencing him on his plea of guilty to a reduced count of robbery, third degree, in 1928, this conviction cannot be the predicate for second offender punishment. He seeks the vacation of the first sentence and conviction, and remand for resentence as a first felony offender. The Clinton County Court sustained the writ and the Appellate Division has reversed on the law and the facts and remanded the relator to the custody of the Warden of Clinton Prison.
An examination of the original minutes of the sentence imposed at the time of the 1928 conviction discloses the absence from the record of the allocution called for by the terms of the statute. Evidence of such an omission is sufficient to overcome the presumption of regularity (People ex rel. Sheehan v. Murphy, 6 N Y 2d 238).
The question is whether a violation of section 480 of.the Code of Criminal Procedure works a vacatur of both the sentence and the conviction so as to preclude consideration of the conviction in imposing second offender treatment pursuant to section 1941 of the Penal Law. We think the answer should be in the negative.
Although the sentence is sometimes said to be the judgment of the court (see People ex rel. Miller v. Martin, 1 N Y 2d 406; People v. Cioffi, 1 N Y 2d 70; People v. Shaw, 1 N Y 2d 30; People v. Harcq, 292 N. Y. 321), “ the judgment embraces the adjudication of guilt of the crime charged and the penalty imposed or sentence.” (People v. Sullivan, 3 N Y 2d 196, 198.)
The requirement that a defendant be asked prior to sentencing “ whether he have any legal cause to show, why judgment should not be pronounced against him ” (Code Grim. Pro., § 480) is, as this court has stated on numerous occasions, a substantial legal right that cannot be waived (People ex rel. Miller v. Martin, 1 N Y 2d 406, supra; People v. Nesce, 201 N. Y. 111; Messner v. People, 45 N. Y. 1). The sole relief, however, to which a defendant is entitled is to be remanded to the sentenc *345 ing court and to be resentenced on his plea of guilty (People v. Sullivan, 3 N Y 2d 196, supra; People ex rel. Miller v. Martin, 1 N Y 2d 406, supra; People v. Craig, 295 N. Y. 116).
In People v. Sullivan (3 N Y 2d 196,199, supra), for instance, we recognized that the court’s failure to comply with section 480 did not affect the validity of the judgment of conviction, but merely the validity of the sentence and, therefore, “When an improper sentence is the sole basis of the complaint, no vacatur of the judgment of conviction or adjudication is necessary, since justice may be done by correction of the sentence ”. (Emphasis added.)
Although, upon a proper application directed to the first sentence, relator would be entitled to a remand for resentencing at which time he may be able to establish one of the grounds set forth in section 481 of the Code of Criminal Procedure requiring the court to set aside the conviction, nevertheless, until the prior convictibn is vacated, this prior adjudication may properly be considered under section 1941 of the Penal Law in sentencing relator as a second offender (People ex rel. Miller v. Martin, supra; People ex rel. Egitto v. Jackson, 7 A D 2d 808, motion for leave to appeal denied 5 N Y 2d 711, cert, denied 360 U. S. 906; People ex rel. Naumo v. Jackson, 1 A D 2d 743).
Accordingly, the order of the Appellate Division should be affirmed.
• Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur; Judge Foster taking no part.
Order affirmed.