Chief Judge Desmond.
 

 Defendant’s
 
 coram nobis
 
 application was denied at the Queens County Court without a hearing and the Appellate Division unanimously affirmed.
 

 Petitioner alleges that he was insane on January 23, 1959 when he pleaded guilty to attempted robbery in the third degree and on April 17, 1959 when he was sentenced to 7% to 15 years in prison. Of course, if he was mentally incompetent at the time of his plea the judgment was void and
 
 coram nobis
 
 is the appropriate remedy
 
 (People
 
 v.
 
 Boehm,
 
 309 N. Y. 362, 368). We think that the facts shown in the petition require as matter of law and in sound policy that there be a trial of the issue.
 

 Only 10 months after this judgment defendant was committed to Dannemora State Hospital on a certification of insanity. Nine years earlier, in 1950, when he was 18 years old, he had been committed from prison to the same Dannemora State Hospital and had remained there for two years. When released from the hospital back to the prison, he remained there for three weeks only before being returned to Dannemora State Hospital for further hospitalization of three months during which he received shock treatments. Back he went to prison, this time for seven months, and then was again committed to the same State hospital for further hospitalization and additional shock treatments. When he was paroled in 1957, one of the conditions of parole was that he continue under psychiatric care. After being free on parole for about six months he was arrested as a parole violator and while awaiting disposition of this charge was on 12 different occasions brought under observation because of suicide attempts. He then was sent to Sing Sing as a parole violator and to serve an additional sentence for the 1957 crime. Next, he was brought back from Sing Sing to stand trial on a charge of robbery, first degree, but on arraignment was committed to Kings County Hospital by a Magistrate for psychiatric examination. He remained at the hospital for six months and, according to the petition, was under sedation during that whole time. Then in January, 1959 he came before the County Court of Queens County, was arraigned, pleaded not guilty, had
 
 *521
 
 counsel assigned, later withdrew the not guilty plea and pleaded guilty, and on April 17, 1959 was given the sentence which he is now attempting to vacate. At the time of sentencing there was before the court as part of a probation report the statements of two psychiatrists to the effect that he was not insane and was capable of understanding the charge against him. No hearing was had on the question of sanity. The minutes of sentence show that at the time of sentencing defendant, answering the usual questions by the Judge, admitted the crime and said that he wished to plead guilty and that he understood that if it turned out he had been previously convicted his prison term would be increased, and stated that no one had made any promises to him to induce the plea. There was no questioning or discussion as to defendant’s mental condition.
 

 The fact that defendant had a previous history of mental disturbance does not in itself prove that he was insane at the time of this judgment
 
 (People
 
 v. Flora, 306 N. Y. 615). However, where there is some proof that a defendant was in fact insane at the time of plea a
 
 coram nobis
 
 application should not be denied without trial
 
 (People
 
 v. Smyth, 3 N Y 2d 184, 187). The petition in this present proceeding is not limited, as Smyth’s was, to a mere say-so that he was insane. The showing that this defendant had been in and out of State hospitals for years and went back to a State hospital after this sentence and is there now is certainly some evidence that he was insane at the time of the plea
 
 (People
 
 v. Esposito, 287 N. Y. 389, 396). Not only did the sentencing court in this instance have before it this man’s long history of psychiatric involvement but it now turns out that he was back in Dannemora State Hospital a few months after sentence and he is confined there now, so we are informed, having been diagnosed as psychotic.
 

 A reversal here would conform to and not be inconsistent with the rationale of
 
 People
 
 v.
 
 Hill
 
 (8 N Y 2d 935). Hill was tried and found guilty after, at the time of his arraignment, two psychiatrists had reported to the court that he was capable of understanding the charge and not suffering from any psychosis. He took no appeal from his conviction but several years later brought a
 
 coram nobis
 
 proceeding. The Appellate Division held that Hill was entitled to a hearing as to whether he was mentally incapacitated during the time limited by law for
 
 *522
 
 the taking of an appeal. The court did affirm a denial of a hearing on the further question raised by Hill as to whether at the time of trial and sentencing he was mentally capable of understanding, or of making his defense to, the charge in the indictment. In Hill’s case an appeal from the determination as to the latter issue was available and accordingly he could not later on resort to
 
 coram nobis
 
 to reach that same issue. Contrariwise with respect to the issue of Hill’s mental capacity during the appeal period, and consequently
 
 coram nobis
 
 was available in that connection. In the present case defendant pleaded guilty and
 
 coram nobis
 
 is his only method of putting before the courts his assertion that he was in fact insane when he so pleaded.
 

 The order should be reversed and the proceeding remitted for trial of the allegations of the petition.
 

 Judges Dye, Fuld, Froessel, Vast Voorhis, Burke and Foster concur.
 

 Order reversed and matter remitted to the County Court, Queens County, for further proceedings in accordance with the opinion herein.