Van Voorhis, J.
Appellant was charged with common barratry in that on or about June 22, 1961, and prior thereto, he excited needless judicial and legal proceedings in more than three instances with corrupt and malicious intent to vex and annoy Ambassador Clothes, Inc., and its president Mac Largever. Evidence was introduced that defendant returned a suit to Ambassador Clothes which had been made for him from material which he had supplied, with a complaint that the suit did not fit. By reason of this incident, he instituted nine claims or other actions or legal proceedings in Small Claims Court and in Municipal Court. These were adjourned many times, almost always at appellant’s instance, and, except twice where appellant succeeded in obtaining judgment by default, all were dismissed or resulted in judgment for Ambassador Clothes after trial. The evidence is ample to support a finding that these proceedings were conducted with the required statutory intent to vex and annoy. The question is whether a person can be convicted of common barratry if he is himself the party to the actions or other legal proceedings, and has not fomented litigation between others. We assume, as conceded in the brief for the People, that the old common-law concept of barratry was the instigation of quarrels and controversies among honest and quiet subjects of the King (2 Chitty, Criminal Law 233) and that impliedly, at least, the quarrel was introduced by a third party. The problem is whether the law has been changed by statute.
The Penal Law sections involved are:
Section 320. “ Common barratry is the practice of exciting groundless judicial proceedings.”
*256 Section 321. “ Common barratry is a misdemeanor.”
Section 322. “ No person can be convicted of common barratry, except upon proof that he has excited actions or legal proceedings, in at least three instances, and with a corrupt or malicious intent to vex and annoy.”
Section 323. “ Upon a prosecution for common barratry, the fact that the defendant was himself a party in interest or upon the record to any action or legal proceeding complained of, is not a defense. ”
Although the definition in section 322 of one who can be convicted of common barratry is a person whó has “excited” actions or legal proceedings, which might seem to have been intended to continue the common-law ingredient of the crime that litigation be instigated among others, the more reasonable construction would seem to be that the word “ excited” was employed as a survival from common-law days but does not negate the clear intention of section 323 to modify the common-law rule so as to render guilty of common barratry one who has himself instituted actions or legal proceedings, in at least three instances, with a corrupt or malicious intent to vex and annoy.
People v. Budner (13 A D 2d 253) sheds little light upon the construction of these statutes. A conviction was reversed of the same appellant of the same crime arising out of other circumstances, upon the ground that the evidence then before the court was insufficient to establish guilt beyond a reasonable doubt (13 A D 2d 253). Both the court majority and the dissenting Justice appear to have proceeded on the assumption that, if the evidence had been enough to establish a corrupt or malicious intent to vex and annoy, it would not have mattered that he commenced the litigations himself instead of inciting them between other persons. The Appellate Term vacated his first sentence on the present charge and remanded the matter to the Criminal Court for resentence. His appeal to this court -was dismissed for the reason that sentence had not then been imposed and that under those circumstances no appeal would lie (14 N Y 2d 723). His present appeal is after his resentence had been affirmed by the Appellate Term. Since the ground for vacating the former sentence was that his counsel was not *257 present at that stage in the proceedings, .there could not have been error in resentencing him, as was done, with counsel present. This defect in the former sentence did not impugn the validity of the proceedings prior to sentence (People v. Craig, 295 N. Y. 116, 120; People ex rel. Miller v. Martin, 1 N Y 2d 406, 411).
The proceedings in the Municipal Court which are claimed to have been erroneously received in evidence against appellant related to the frivolous litigation which he was charged with having engendered. It concerned his refusal to proceed with a trial on the merits as an allegedly annoying tactic.
The judgment appealed from should be affirmed.