◼◼◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE KENNEDY, Appellant.— REYNOLDS, J. P. Appeal from a judgment of the County Court of Sullivan County, resentencing appellant following the granting of a writ of error *coram nobis* setting aside a prior sentence. On October 16, 1967 appellant pled not guilty to an indictment charging him with the crime of murder in the first degree. Thereafter, following a *Huntley* hearing which determined that a confession made by appellant was given voluntarily, appellant's counsel requested and was given permission to interpose the defense of insanity and to hire a psychiatrist to examine appellant and testify upon the trial. Apparently no such examination was conducted and instead appellant, with counsel present, withdrew his plea of not guilty to the charge of murder in the first degree and pled guilty to manslaughter in the first degree, which plea the court accepted. Appellant now urges that he was incompetent at the time the plea was accepted. In our opinion appellant has not produced sufficient evidence even to require a hearing on this issue. As this court recently stated in *People* v. *Welsh* (33 A D 2d 945, 945–946): " Although *coram nobis* would be the appropriate remedy if it were established that appellant was mentally incompetent at the time of his plea (*People* v. *Boundy,* 10 N Y 2d 518, 520), appellant must produce some evidence of his insanity at that time if such relief is to be accorded. See *People* v. *Smyth* (3 N Y 2d 184, 187) where the court stated: ' After a defendant has been convicted on plea of guilty or after trial, the People are not required to assume the burden again of establishing that what was done was regular in the absence of evidence to the contrary. [One] is not entitled to a hearing in the absence of some evidence that he was insane when he pleaded guilty and sentence was pronounced.' " Such evidence is clearly not present here (cf. *People* v. *Jordan,* 27 A D 2d 586). There is in fact no evidence whatsoever before us that appellant was incompetent at the time of his plea of guilty other than his unsupported conclusory statement and the fact that his attorney routinely raised insanity as a defense and requested a psychiatric examination which, as noted, was granted but presumably not, for some reason, undertaken. Judgment affirmed. Reynolds, J. P., Aulisi, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.