■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD LYMAN COUSE, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court of Madison County resentencing appellant, following a conviction for burglary in the third degree, to a term of not less than five nor more than seven years. Appellant was convicted of burglary in the third degree after a plea of guilty entered on November 30, 1964. Subsequently, in May, 1969, appellant petitioned the Madison County Court for a writ of error *coram nobis* to vacate the 1964 judgment on the ground that he had not been advised of his right to appeal. The Madison County Court granted the writ after a hearing and the judgment was vacated and appellant resentenced on September 8, 1969. At the resentencing of appellant, appellant sought, pursuant to section 1943 of the old Penal Law which applied to all crimes committed before September 1, 1967, to challenge the constitutional validity of his prior felony conviction in 1958 in Chenango County on the ground that he was also not advised of his right to appeal at the time of that conviction. The sentencing court rejected this argument and resentenced the appellant as a second felony offender. The instant appeal has ensued. A defendant has a constitutional right to be advised of his right to appeal (*People* v. *Montgomery*, 24 N Y 2d 130) and thus appellant can constitutionally challenge the validity of his prior conviction. Moreover, the sentencing court could rule on the constitutionality of a prior conviction in another jurisdiction when contemplating the imposition of a second felony offender sentence (*People* v. *Jones*, 17 N Y 2d 404). However, it is only where the challenge is directed to the process of finding guilt or innocence and not a sentencing error that the validity of the prior conviction can be challenged upon a subsequent conviction (*People ex rel. Egitto* v. *Jackson*, 7 A D 2d 808, mot. for lv. to app. den. 5 N Y 2d 711, cert. den. 360 U. S. 906; *People ex rel. Emanuel* v. *McMann*, 7 N Y 2d 342). Here, the failure to advise appellant of his right to appeal does not directly affect the finding of guilt but solely entitles him to a resentence in order to start anew the statutory period within which to file a notice of appeal (*People* v. *Montgomery*, *supra*). Accordingly, at this juncture appellant stands convicted of a prior felony and was thus properly sentenced here as a second felony offender (see *People* v. *Koehler*, 30 A D 2d 547). Of course, this decision does not preclude appellant from seeking review of his prior conviction in the prescribed manner and thereafter, if he should obtain a reversal of his prior conviction from moving for resentencing as a first felony offender. Judgment affirmed. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.