**UNITED STATES of America ex rel. James JENKINS, Petitioner,**

v.

**John L. ZELKER, Superintendent of Green Haven Correctional Facility, Stormville, New York, Respondent.**

**No. 71 Civ. 4272.**

United States District Court, S. D. New York.

Jan. 14, 1972.

---

James Jenkins, pro se.

GURFEIN, District Judge.

The petitioner *pro se* seeks a writ of habeas corpus. He is a prisoner at the Green Haven Correctional Facility where he is serving a six and one-half to seven year sentence imposed on February 3, 1969, *nunc pro tunc* as of September 30, 1964, the original date of conviction.[1] Petitioner was originally convicted on September 30, 1964 after a jury trial pursuant to an indictment charging in six counts: robbery (first degree); grand larceny (first degree); three counts of assault (second degree); and possession of a weapon, a pen knife, as a felony. Two ancillary informations accompanied the indictment. The first information charged the petitioner with being a multiple felony offender on the basis of two Missouri convictions in 1944 and 1946 respectively. The second information set forth the petitioner's New York Criminal Court conviction of September 5, 1963 for petit larceny.[2]

After trial before Mr. Justice Sarafite of the Supreme Court, New York County, the petitioner was found guilty by a jury of robbery (first degree) and possession of a weapon, the pen knife (a felony). On September 30, 1964 the petitioner was sentenced to fifteen to twenty years on the robbery count, but sentence was suspended. On the weapons count the petitioner was sentenced to ten to fourteen years, as a second felony offender, based upon the 1944 Missouri conviction.

On October 30, 1965 the Appellate Division of the New York State Supreme Court reversed the conviction on the robbery count and ordered a new trial on that charge. The weapons conviction was permitted to stand (N.Y. Penal Law § 1897). 24 A.D.2d 716 (case 10) (1st Dept.1965). The robbery charge was ultimately dismissed in the State Supreme Court in June 1966 for failure to prosecute.

In 1968, the petitioner brought a petition for a writ of habeas corpus in this

---

1. The petitioner was conditionally released on February 20, 1969. He is actually in custody for violation of conditional release under the challenged sentence.

2. The petit larceny conviction was offered to give felony status to the charge of possession of the pen knife under the then applicable statute. N.Y. Penal Law § 1897 (3).

Court. Judge Murphy found that the petitioner had not been represented by counsel when he pleaded guilty in Missouri in 1944. United States ex rel. Jenkins v. LaVallee, 68 Civ. 1979 (S.D. N.Y.1968). Reliance by the State trial court on the 1944 conviction as the predicate for second felony offender treatment in 1964 was, therefore, unjustified.[3] This occasioned the resentencing of the petitioner on the weapons charge by Mr. Justice Sarafite on February 3, 1969.

After noting that, in his opinion, the 1946 Missouri felony conviction was a proper predicate for second felony offender treatment citing People v. Sullivan, 3 N.Y.2d 196, 199, 165 N.Y.S.2d 6, 144 N.E.2d 6 (1957); and People ex rel. Emanuel v. McMann, 7 N.Y.2d 342, 344, 197 N.Y.S.2d 174, 165 N.E.2d 187 (1960). Mr. Justice Sarafite stated:

"However, there has been an unusual history in this case and I am going to exercise whatever compassion and mercy I think is fair and just, and while this defendant stands before me as a multiple offender, *I am going to sentence him as though he were a first offender.*

Consequently, the sentence of the Court today, nunc pro tunc, as of the time of the original sentence is that the defendant serve a term of no less than six years and six months and no more than a term of seven years." Resentencing minutes at 3-4. (Emphasis supplied.)

The petitioner contends that as a first offender he could not lawfully have been sentenced at that time to a minimum term of more than three and one-half

years (one-half the maximum); and that Justice Sarafite, nevertheless, imposed a minimum term of six years and six months.[4] As a first felony offender, the petitioner could not have been sentenced to a minimum which is more than one-half the maximum (seven years), or three and a half years. He appears to be right, therefore, when he points out that as a first offender, the minimum imposed was illegal.

If he had been adjudged a second felony offender, however, he could have received a minimum term which is not *less* than one-half the longest term prescribed upon a first conviction; that is, the minimum term could have been anything *more than* three and a half years. As a second felony offender he could, therefore, have been sentenced by Justice Sarafite to the six year and six months minimum that was actually imposed.

The question is, then, whether the petitioner was sentenced as a first offender or as a second felony offender upon the predicate of the 1946 Missouri conviction.[5]

The question presented was clearly brought before the State courts. The substance of his present petition was before the Appellate Division, First Department, on his appeal from the resentence, which affirmed without opinion on March 17, 1970. Judge Gibson of the New York Court of Appeals denied leave to appeal on May 13, 1970. The petitioner has exhausted his State remedies. 28 U.S.C. § 2254(b).

It seems clear that Justice Sarafite intended to resentence the petitioner as a first offender. He specifically so stat-

---

3. Judge Murphy in a supplemental opinion found that the petitioner had, in fact, been represented by counsel in the 1946 conviction.

4. Penal Law § 1935 provided a maximum term of seven years for felonies, punishment for which is not otherwise fixed by statute; Section 1897, the weapons section, is a statute which provides no fixed punishment, and the maximum is, there-

fore, seven years for a violation of the felony provisions of that section.

5. This Court cannot consider the claim that the maximum sentence of seven years, clearly a proper maximum for a first offender, was excessive in view of the history of the case, as the petitioner argues. Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States ex rel. Marcial v. Fay, 267 F.2d 507, 509-510 (2 Cir. 1959).

ed, as noted above, and the copy of the sentence attached to the petition refers to the resentencing of February 3, 1969 in the following language:

"Whereupon it is ORDERED and AD-JUDGED by the Court that the said defendant (*he not having been heretofore convicted of a felony*), for the FELONY aforesaid, whereof he is convicted, be imprisoned . . ." (Emphasis supplied.)

The Appellate Division's order of affirmance on appeal from judgment dated March 17, 1970 refers to the resentencing of the petitioner "as a first felony offender."

■ The sentence may be void, as a matter of due process, if the term imposed is not authorized by the State statute. See Stiltner v. Rhay, 258 F. Supp. 487, 490–491 (E.D.Wash.1965), aff'd 367 F.2d 148 (9 Cir. 1966), cert. denied, 385 U.S. 941, 87 S.Ct. 310, 17 L. Ed.2d 220 (1966).

■ Since I am of the opinion that the judgment of conviction clearly establishes that the defendant was sentenced as a first offender, the sentence would appear to be unlawful on its face.

That does not mean, however, that the petitioner is entitled to release. Since there may be a quite adequate predicate in the 1946 conviction for sentence as a second felony offender, Justice Sarafite may so resentence if he decides to do so.[6]

Accordingly, the writ is granted, but it is ordered that petitioner is to remain in custody subject to the redetermination of his sentence by the New York Supreme Court, provided, however, that if resentencing or correction of sentence, as may be appropriate, should not be effected within 30 days from the date of this opinion, he is to be discharged from the custody of the State of New York. And it is further ordered that, should

the State of New York choose not to subject petitioner to resentencing he be released immediately upon such determination.

This is an order.

---

6. This Court cannot, of course, correct a State sentence. Justice Sarafite is well known as a judge with the highest judicial standards and he should make the final decision as to which way the sentence should be corrected.