■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK R. ASHLEY, Appellant. [889 NYS2d 114]—

McCarthy, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered February 28, 2008, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Approximately two months after being paroled on his 1999 robbery convictions, defendant attempted to rob a grocery store and shot the 71-year-old proprietor. Defendant subsequently pleaded guilty to attempted robbery in the first degree, waived his right to appeal and was sentenced to nine years of imprisonment and five years of postrelease supervision in accordance with a plea agreement. Defendant now appeals.

Defendant was represented by counsel and signed a written waiver as a condition of the plea arrangement expressly waiving any right to appeal except with respect to his constitutional right to a speedy trial, the legality of his sentence, his competency to stand trial and the voluntariness of the waiver. During the plea proceedings, County Court advised defendant of his rights with respect to trial and the scope of the appeal waiver. Defendant acknowledged his understanding of these rights and waiver thereof. Prior to sentencing, the court again advised defendant that he was waiving his right to appeal except as to certain matters. Defendant reviewed and acknowledged his writ-

ten waiver without objection. Consequently, defendant's waiver of appeal was valid and his challenge to the severity of his sentence is therefore precluded (*see People v Lopez*, 6 NY3d 248, 255-257 [2006]).

Defendant's challenge to the facial sufficiency of his plea allocution is also precluded by his appeal waiver, although his challenge to the voluntariness of his plea is not (*see People v Nesbitt*, 23 AD3d 836, 837 [2005], *lv denied* 6 NY3d 816 [2006]). We find the voluntariness of defendant's plea is not undermined by defendant's mere assertion, more than three months after the plea, of a history of mental illness and attempted suicide prior to his plea (*see People v Kennedy*, 34 AD2d 856 [1970]; *compare People v Hall*, 168 AD2d 310 [1990], *lv denied* 77 NY2d 906 [1991]). As no evidence was offered to substantiate defendant's claim that his state of mind precluded a voluntary plea, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea.

Defendant failed to preserve his claim that his sentence as a second violent felony offender was illegally predicated on the 1999 convictions in which the court failed to impose a mandatory period of postrelease supervision (*see* Penal Law § 70.45). Defendant failed to raise that issue on direct appeal from his prior judgment of conviction (*People v Ashley*, 278 AD2d 594 [2000]; *see People v Louree*, 8 NY3d 541, 545-546 [2007]), or include it in his motion to withdraw his 2007 plea. Defendant has not sought leave to appeal the denial of his CPL article 440 motions challenging the validity of his 1999 convictions and sentence (*see* CPL 450.15; *People v Sweeter*, 125 AD2d 841, 842 [1986], *lv denied* 69 NY2d 750 [1987]; *People v Kruk*, 52 AD2d 969, 970 [1976]). At sentencing, defendant admitted the prior convictions and did not controvert the prior felony conviction statement. Defendant's failure to object to or controvert the use of his prior felony convictions or request a hearing on the issue waived his right to challenge the predicate convictions and their validity (*see* CPL 400.21 [3], [4]; *see People v Odom*, 63 AD3d 408, 409 [2009], *lv denied* 13 NY3d 798 [2009]; *People v Cruz*, 56 AD3d 570 [2008]).

In any event, the record indicates that defendant was aware of the mandatory postrelease supervision component during the 1999 plea and sentencing proceedings. Although the failure to impose a period of mandatory postrelease supervision in 1999 might have entitled defendant to resentencing on those convictions under *People v Sparber* (10 NY3d 457, 467 [2008]), a sentencing defect does not invalidate a prior conviction for purposes of adjudicating defendant's subsequent felony offender

status (*see People ex rel. Emanuel v McMann*, 7 NY2d 342, 345 [1960]; *People v Lawrence*, 37 AD2d 872, 873 [1971]; *People v Couse*, 34 AD2d 859 [1970]).

Finally, the record reveals that defendant received meaningful representation by assigned counsel in connection with his plea. After his plea but before sentence was imposed, defendant was assigned new counsel because his relationship with prior counsel had deteriorated. However, County Court made no determination that service by prior counsel was ineffective. Defendant's claim that counsel failed to adequately argue that his state of mind rendered his plea defective is unavailing. Defendant claims that his jailhouse suicide attempt was well documented and that he was visited by health professionals in jail shortly after his plea, yet neither defendant nor his new counsel offered evidence to substantiate these events or defendant's claim of prior mental illness. Defendant's argument amounts to nothing more than his "mere say-so" that his state of mind voided his plea (*People v Boundy*, 10 NY2d 518, 521 [1962]). In stark contrast, the record of the plea proceedings reflects a knowing, intelligent and voluntary plea. Viewing the totality of counsel's efforts, we find no basis for defendant's claim of ineffective assistance (*see People v Ozuna*, 7 NY3d 913, 915 [2006]; *People v Hutchinson*, 57 AD3d 1013, 1014-1015 [2008], *lv denied* 12 NY3d 817 [2009]).

Mercure, J.P., Lahtinen, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.