People v Gould (2019 NY Slip Op 02153)





People v Gould


2019 NY Slip Op 02153


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8241 6882/90

[*1]The People of the State of New York, Respondent,
v
Bernell Gould, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 22, 2016, resentencing defendant upon an April 22, 1991 conviction, as a second violent felony offender, to a term of four to eight years, unanimously affirmed.
Defendant contends that his 1988 conviction of criminal possession of a weapon in the third degree, which was under the alias Gerald Francis, could not serve as a proper predicate for his second violent felony offender adjudication on the instant resentencing on his 1991 attempted first-degree robbery conviction, because the sentence on the 1988 conviction was invalid as a matter of law. Specifically, he claims he was improperly adjudicated a first felony offender, when he should have been adjudicated a second felony offender. He urges this Court to vacate the current sentence, and remand the case for further resentencing.
Defendant's request is foreclosed by the recent decision of the Court of Appeals in People v Thomas (__NY3d__, 2019 NY Slip Op 01167 [February 19, 2019]). In Thomas, the Court held that "the date on which sentence was first imposed upon a prior conviction - not the date of any subsequent resentencings on that same conviction - is the relevant date for [predicate felony] purposes" (2019 NY Slip Op 01167, *1).
Moreover, defendant's contention regarding the 1988 conviction is at odds with his contention on a prior appeal (131 AD3d 874 [1st Dept 2015]), where he argued that, on the same 1991 conviction at issue here, he should be resentenced as a second violent felony offender, rather than a second felony offender, based on the 1988 conviction. He should not now be allowed to challenge the use of the 1988 conviction as a predicate, which was the basis for his prior successful appeal.
In any event, "a sentencing defect does not invalidate a prior conviction for purposes of adjudicating [a] defendant's subsequent felony offender status" (People v Ashley, 71 AD3d
1286, 1287 [3d Dept 2010], affd on other grounds 16 NY3d 725 [2011]; see People ex rel. Emanuel v McMann, 7 NY2d 342, 345 [1960]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK