■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR HERNANDEZ, Appellant. [844 NYS2d 398]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 12, 2004, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Griffin, J.), without a hearing, of that branch of the defendant's omnibus motion which was for preclusion of identification testimony.

Ordered that the judgment is affirmed.

In his omnibus motion, the defendant did not request suppression of identification evidence or a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), but did seek preclusion of identification testimony based on the People's failure to serve notice under CPL 710.30 (1) (b). Consequently, the defendant's current claim that the Supreme Court should have granted him a *Wade* hearing is not preserved for appellate review (*see* CPL 470.05 [2]). Even if the defendant's alternative request for an unspecified hearing were construed as a request for a hearing to determine whether identification evidence should be suppressed, it did not state a legal basis to support such relief (*see* CPL 710.60 [3] [a]; *People v Boyer*, 6 NY3d 427, 431 [2006]). Accord-

ingly, the defendant was not entitled to a *Wade* hearing. Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.