■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WILSON, Appellant. [861 NYS2d 539]—

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 31, 2006, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and attempted criminal sale of a controlled substance in the third degree.

Satisfying a four-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree. County Court deferred sentencing so that defendant could participate in a drug treatment court program, with the proviso that, in the event that he was unsuccessfully discharged from the program, he could be sentenced to up to eight years in prison and three years of postrelease supervision. Defendant was thereafter indicted for criminal sale of a controlled substance in the third degree. Based upon this new indictment, defendant was charged with violating his drug treatment court program agreement. After being advised by County Court that he would be sentenced to a 10-year term of imprisonment, defendant resolved the new indictment by pleading guilty to attempted criminal sale of a controlled substance in the third

degree, and also admitted to violating the terms of his participation in the drug treatment court program. As a consequence, County Court sentenced defendant to consecutive five-year terms of imprisonment, with an aggregate of three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's claim that his waiver of the right to appeal was not knowing, intelligent and voluntary is belied by the record. Accordingly, given defendant's valid appeal waiver, he is precluded from arguing that the sentence imposed is harsh and excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Nickell*, 49 AD3d 1024, 1025 [2008]; *People v Romano*, 45 AD3d 910, 912 [2007], *lv denied* 10 NY3d 770 [2008]).

Cardona, P.J., Mercure, Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.