■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M. FLORANCE, Appellant. [871 NYS2d 450]—

Peters, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 31, 2006, convicting defendant upon his pleas of guilty of the crimes of burglary in the third degree and reckless endangerment in the first degree.

In April 2006, defendant pleaded guilty to burglary in the third degree, arising out of an incident in which he broke into a convenience store and stole a case of beer, in exchange for a prison sentence of 1 to 3 years. Defendant's sentencing on that charge was postponed until August 2006 at his request and County Court informed defendant that if he were arrested again prior to sentencing, the court reserved the right to issue him the maximum sentence. Defendant was, indeed, arrested again and, in September 2006, pleaded guilty to one count of reckless endangerment in the first degree. Subsequently, defendant was sentenced to $1^{1}/_{3}$ to 4 years in prison for his burglary conviction and 2 to 4 years in prison for his reckless endangerment conviction, the terms to be served concurrently. Defendant now appeals and we affirm.

Initially, we note that defendant's challenge to the factual sufficiency of his plea was not preserved for our review, inasmuch as he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Saddlemire*, 50 AD3d 1317, 1317 [2008]; *People v Sanabria*, 43 AD3d 1228, 1229 [2007], *lv denied* 9 NY3d 993 [2007]). In any event, we are satisfied that defendant's plea colloquy established the elements of reckless endangerment in the first degree. Defendant admitted that, after an altercation at a gas station, he initiated an automobile chase involving speeds of up to 80 miles an hour, while passengers in his car hurled beer bottles at the object of defendant's pursuit. Additionally, defendant admitted that, at one point during the chase, he crossed over and began driving eastbound in

the westbound traffic lanes on Interstate 88, traveling head-on toward the car he was pursuing. Viewed in a light most favorable to the prosecution, we find that defendant's admissions provided ample evidence that his conduct was both reckless and "imbued with the wantonness and degree of risk which is inherent in a finding of depraved indifference to human life" and, thus, supported his conviction (*People v Tunstall*, 197 AD2d 791, 792 [1993], *lv denied* 83 NY2d 811 [1994]; *see* Penal Law § 120.25; *People v Robinson*, 16 AD3d 768, 769 [2005], *lv denied* 4 NY3d 856 [2005]).

As for defendant's contention that his sentence for the burglary charge was unduly harsh and excessive, we find that County Court did not abuse its discretion, inasmuch as defendant violated the law pending sentencing for that conviction, his sentence for the burglary charge was only slightly longer than that originally negotiated and, notably, the length of the burglary sentence was of little practical effect, since it was ordered to be served concurrently with defendant's reckless endangerment sentence, for which he received the statutory minimum for a second felony offender (*see* Penal Law § 70.06 [3] [d]; [4] [b]; *People v Peterson*, 7 AD3d 882, 883 [2004]; *People v Clough*, 306 AD2d 556, 557 [2003], *lv denied* 100 NY2d 593 [2003]).

Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.