■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SWINDELL, Appellant. [898 NYS2d 380]—

Peters, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 3, 2009, convicting defendant upon his plea of guilty of the crime of failure to register or verify under the Sex Offender Registration Act.

Defendant, a registered sex offender, pleaded guilty to failure to register or verify a particular Internet account with the appropriate state agency (see Correction Law § 168-f [4]), waived his right to appeal and was sentenced to a prison term of $1^{1}/_{3}$ to 4 years. Defendant now appeals, contending that his plea was involuntary and that the sentence imposed was harsh and excessive.

To the extent that defendant challenges the factual sufficiency of his plea, this issue is precluded by his valid waiver of the right to appeal (*see People v Nesbitt*, 23 AD3d 836, 837 [2005], *lv denied* 6 NY3d 816 [2006]).* Although defendant's claim that his plea was involuntary survives his waiver of the right to appeal, this issue is not preserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Scitz*, 67 AD3d 1251 [2009]; *People v Pump*, 67 AD3d 1041, 1041-1042 [2009], *lv denied* 13 NY3d 941 [2010]). Nor are we persuaded that the narrow exception to the preservation requirement was triggered here. Although the plea colloquy reflects some initial indecisiveness on defendant's part, he ultimately elected—following detailed questioning by County Court—to plead guilty. Inasmuch as defendant admitted that he failed to notify the Division of Criminal Justice Services of a particular Internet account and conceded that such failure "wasn't a mistake," we do not view the allocution as a whole as being either inconsistent with defendant's guilt or otherwise calling into question the voluntariness of his plea (*see People v Nunez*, 56 AD3d 897, 898 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). Rather, our review of the allocution reveals that defendant's plea was knowing, intelligent and voluntary.

As a final matter, defendant's claim that the sentence imposed was harsh and excessive is precluded by his waiver of the right to appeal (*see People v Dixon*, 66 AD3d 1237, 1238 [2009], *lv denied* 13 NY3d 906 [2009]; *People v Wilson*, 53 AD3d 928, 929 [2008], *lv denied* 11 NY3d 858 [2008]).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant does not directly contest the validity of his waiver of the right to appeal, but our review of the record satisfies us that such waiver was knowing, intelligent and voluntary (*see People v Muirhead*, 67 AD3d 1258, 1259 [2009]).