■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH BELLE, Appellant. [902 NYS2d 258]—

Egan Jr., J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 19, 2008, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), resisting arrest and unlawful possession of marihuana.

In August 2007, at around 3:00 A.M., police received a telephone call reporting that shots had been fired in the vicinity of Hulett Street and Lincoln Avenue in the City of Schenectady, Schenectady County. The caller reported that the shooter was wearing a blue shirt with white stripes, light colored shorts and a white hat. When police arrived at the location a few minutes later, they observed a man matching the description of the suspect. Upon being ordered to stop, the man, who was later identified as defendant, fled into a nearby backyard, resulting in a foot chase. During this pursuit, defendant appeared to throw something over a fence into a neighboring yard. Upon tackling defendant, police noticed that a baggie with a white powdery substance had fallen partially out of the pocket of defendant's pants. The police proceeded to arrest defendant, and found on his person a stun gun and marihuana. The police then searched the other side of the fence and recovered a handgun. Back at police headquarters, defendant made an oral statement to a detective, "The cocaine was mine, but it was for personal use."

Defendant was charged with two counts each of criminal possession of a weapon in the second degree and third degree, two counts of criminal possession of a controlled substance in the third degree, and one count each of resisting arrest and unlawful possession of marihuana. After a *Huntley* hearing, defendant's motion to suppress the oral statement made at police headquarters was denied. After *Mapp/Dunaway* hearings, defendant's motion to suppress all evidence obtained by police was denied.

While no plea offers were made by the People, on the date of trial, County Court, over the People's objection, indicated to defendant that, upon a plea of guilty to the entire indictment, it would sentence defendant to a six-year prison term with four years of postrelease supervision. Defendant consulted with

counsel and then elected to plead guilty to all charges contained in the indictment. As part of his plea, defendant waived his right to appeal, preserving his right to appeal the suppression rulings. Sentencing was adjourned three times to provide defendant with time to review certain evidence, to obtain a second opinion from a second assigned counsel and to decide whether to make a motion to withdraw his plea. After electing not to move to withdraw his plea, defendant was sentenced to an aggregate prison term of five years with four years of postrelease supervision.* Defendant now appeals.

Initially, by failing to move to withdraw his plea or vacate the judgment of conviction, defendant failed to preserve his claim that his plea was involuntary (*see People v Swindell,* 72 AD3d 1340, 1341 [2010]; *People v Scitz,* 67 AD3d 1251, 1251 [2009]). Moreover, nothing in the plea colloquy casts doubt upon defendant's guilt so as to trigger the narrow exception to the preservation requirement (*see People v Stoddard,* 67 AD3d 1055, 1055-1056 [2009], *lv denied* 14 NY3d 806 [2010]; *People v Buskey,* 62 AD3d 1164, 1165 [2009]; *People v Terry,* 55 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 931 [2009]). In any event, based on our review of the record, defendant's plea and waiver of appeal were made knowingly, voluntarily and intelligently (*see People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Callahan,* 80 NY2d 273, 280 [1992]; *People v Romano,* 45 AD3d 910, 914-915 [2007], *lv denied* 10 NY3d 770 [2008]; *People v Mitchetti,* 13 AD3d 673, 673 [2004], *lv denied* 4 NY3d 766 [2005]). The plea colloquy reveals that defendant voluntarily pleaded guilty and admitted to the facts forming the basis of the charges after he conferred with counsel. County Court explained the terms of the agreement and the potential of either an acquittal or for a greater sentence if convicted after trial. County Court also advised that, except with respect to certain suppression issues, defendant was waiving his right to appeal as separate and apart from those rights automatically forfeited upon a plea of guilty (*see People v Lopez,* 6 NY3d at 256).

Next, in according deference to County Court's credibility determinations (*see People v Button,* 56 AD3d 1043, 1044 [2008], *lv dismissed* 12 NY3d 781 [2009]), we find, based on the caller's description of the shooter and upon defendant's act in fleeing upon being confronted, that the police had reasonable suspicion to believe a crime had been committed such that defendant's pursuit and detention were justified (*see People v Hollman,* 79 NY2d 181, 185 [1992]; *People v Nesbitt,* 56 AD3d 816, 818

---

* The District Attorney requested that defendant's cooperation in another, unrelated criminal case be considered at sentencing.

[2008], *lv denied* 11 NY3d 928 [2009]; *People v Cruz*, 14 AD3d 730, 732 [2005], *lv denied* 4 NY3d 852 [2005]; *People v Lewis*, 277 AD2d 603, 605 [2000], *lv denied* 95 NY2d 966 [2000]). Accordingly, the gun discarded during the chase and the bag of white powdery substance were not subject to suppression and provided probable cause for defendant's arrest and search (*see People v Nesbitt*, 56 AD3d at 818; *People v Riley*, 290 AD2d 568, 569 [2002], *lvs denied* 98 NY2d 650, 654 [2002]; *People v Lewis*, 277 AD2d at 605).

Next, defendant's valid appeal waiver precludes our review of his contention that he was denied the effective assistance of counsel, except insofar as such claim impacts the voluntariness of his plea (*see People v Leigh*, 71 AD3d 1288, 1288 [2010]; *People v Anderson*, 63 AD3d 1191, 1193 [2009], *lv denied* 13 NY3d 794 [2009]) and, to that extent, is unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Volfson*, 69 AD3d 1123, 1124 [2010]; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]). In any event, were we to consider this issue we would find that defendant was provided with meaningful representation.

Defendant's conclusory allegations of prosecutorial misconduct and his claim regarding County Court's failure to conduct a *Wade* hearing are also not preserved for appellate review (*see* CPL 470.05 [2]; *People v Carlisle*, 50 AD3d 1451, 1451 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Hernandez*, 44 AD3d 1072, 1072 [2007], *lv denied* 10 NY3d 766 [2008]), and we decline to exercise our interest of justice jurisdiction with respect to these issues (*see* CPL 470.15 [6] [a]).

Finally, defendant's waiver of the right to appeal precludes his claim that his sentence is harsh and excessive (*see People v Thomas*, 71 AD3d 1231, 1233 [2010]). Defendant's remaining contentions have been reviewed and are found to be without merit.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.

