■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR G. HOLMES, Appellant. [906 NYS2d 627]—Rose, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 10, 2008, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.

Defendant waived his right to appeal and pleaded guilty to a superior court information charging him with one count of reckless endangerment in the first degree. The charge stemmed from two incidents where defendant participated in consensual, but unprotected, anal sex without advising the other male participant of the fact that he is infected with the human immunodeficiency virus. In accordance with the plea agreement, County Court sentenced him as a second felony offender to a prison term of 3 to 6 years. Defendant appeals and we affirm.

Defendant argues that the facts of this case, as set out during the plea colloquy, do not constitute the crime of first-degree reckless endangerment. This is, however, a challenge to the factual sufficiency of the plea, which is both precluded by his

appeal waiver and unpreserved for our review inasmuch as he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Ashley*, 71 AD3d 1286, 1287 [2010]; *People v Florance*, 58 AD3d 887, 887 [2009]). Nor do we view this as that rare case that falls within the narrow exception to the preservation rule articulated in *People v Lopez* (71 NY2d 662, 666 [1988]). In any event, as defendant manifestly understood the charge and made a knowing, voluntary and intelligent decision to plead guilty, he cannot now be heard to question whether the facts admitted constitute the crime to which he pleaded guilty (*see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Francis*, 38 NY2d 150, 154-155 [1975]; *People v Dewer*, 243 AD2d 984, 985 [1997], *lv denied* 91 NY2d 925 [1998]).

Defendant's remaining claim of ineffective assistance, to the extent it implicates the voluntariness of his plea and thereby survives his waiver of appeal, is unpreserved due to his failure to move to withdraw the guilty plea or vacate the judgment of conviction (*see People v Garland*, 69 AD3d 1122, 1123 [2010], *lv denied* 14 NY3d 887 [2010]; *People v Campbell*, 67 AD3d 1125, 1125 [2009], *lv denied* 14 NY3d 770 [2010]). Regardless, the record reveals that defendant received meaningful representation (*see People v Scitz*, 67 AD3d 1251, 1252 [2009]).

Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.