■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE M. MARTINEZ, Appellant. [912 NYS2d 783]—

Garry, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered September 29, 2009, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Police officers in the Town of Waterford, Saratoga County stopped defendant's vehicle while responding to a call reporting a possible intoxicated driver. Defendant admitted that he had consumed three drinks and did not have a driver's license, and a record check confirmed that his driver's license had been revoked. After smelling alcohol on defendant's breath, officers asked him to perform four field sobriety tests, two of which he failed. Defendant then submitted to a breathalyzer test, revealing that his blood alcohol content was .07%. After arraignment, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with aggravated unlicensed operation of a motor vehicle in the first degree. Defendant pleaded guilty as charged, waived his right to appeal, and was sentenced under the plea agreement to a prison term of one year. He now appeals.

Initially, defendant claims that the plea allocution was insufficient because he did not specifically admit that his ability to drive was impaired by alcohol, an element of the crime (see Vehicle and Traffic Law § 511 [3] [a] [i]; § 1192 [1]). To the extent that this claim addresses the voluntariness of defendant's plea, it survives his waiver of the right to appeal; however, as defendant concedes, it is unpreserved for review because he did not move to withdraw the plea or vacate the judgment of conviction (see People v Singh, 73 AD3d 1384, 1384-1385 [2010], lv denied 15 NY3d 809 [2010]). We disagree with the contention that the issue is reviewable under the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Glynn, 73 AD3d 1290, 1291 [2010]). Defendant admitted that he was under the influence of alcohol and did not claim that he was not impaired or make any other statements that were in-

consistent with his guilt or cast doubt on the elements of the crime (*see People v Campbell*, 66 AD3d 1059, 1060 [2009]). His mere failure to precisely articulate one of the crime's elements did not trigger County Court's duty to make a further inquiry (*see People v Lopez*, 71 NY2d at 666 n 2). In any event, the colloquy demonstrates that defendant "manifestly understood the charge and made a knowing, voluntary and intelligent decision to plead guilty" (*People v Holmes*, 75 AD3d 834, 835 [2010]; *see People v Goldstein*, 12 NY3d 295, 300-301 [2009]).

Defendant further contends that he was deprived of fair notice of the charges against him because the accusatory instrument did not separately charge him with a violation of Vehicle and Traffic Law § 1192 (1). If established, this claim could constitute a jurisdictional defect surviving his failure to preserve the issue (*see People v Iannone*, 45 NY2d 589, 600 [1978]) as well as his guilty plea and appeal waiver (*see People v Dreyden*, 15 NY3d 100, 103 [2010]; *People v Quinones*, 51 AD3d 1226, 1227 [2008], *lv denied* 10 NY3d 938 [2008]). However, it is well settled that " 'incorporation by specific reference to [a] statute operates without more to constitute allegations of all the elements of the crime' " (*People v Place*, 50 AD3d 1313, 1314 [2008], *lv denied* 11 NY3d 740 [2008], quoting *People v D'Angelo*, 98 NY2d 733, 735 [2002]). Here, the information alleged that defendant violated Vehicle and Traffic Law § 511 (3) (a) (i) by "knowingly operat[ing] a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law [§ ] 1192 (1), while his license was . . . revoked." This was sufficient to provide defendant with fair notice of all of the elements of the charge against him. No jurisdictional defect was established, and neither this claim nor defendant's related claim that the failure to charge a separate violation of Vehicle and Traffic Law § 1192 (1) unconstitutionally assumed his guilt was preserved for review (*see* CPL 210.20; *People v Iannone*, 45 NY2d at 600).

Defendant further failed to preserve his remaining contentions that the police lacked probable cause to stop and arrest him (*see People v Ashley*, 45 AD3d 987, 988 [2007], *lv denied* 10 NY3d 761 [2008]) and the record provides no factual basis for a finding that he was impaired by alcohol (*see People v Ward*, 282 AD2d 871, 872 [2001]). Review of these claims is precluded by his guilty plea and appeal waiver (*see People v Hansen*, 95 NY2d 227, 230 [2000]; *People v Holmes*, 75 AD3d at 834-835).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.