■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CALDWELL, Appellant. [914 NYS2d 688]—

Garry, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 26, 2008, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Following a failed attempt to bring a quantity of heroin to his brother, a prison inmate, defendant pleaded guilty to attempted promoting prison contraband in the first degree, waived his right to appeal and was sentenced as a second felony offender to the agreed-upon prison term of 1½ to 3 years. Defendant now appeals contending, among other things, that he was improperly sentenced as a second felony offender.

Preliminarily, defendant's challenge to the factual sufficiency of his plea is precluded by his valid waiver of the right to appeal (*see People v Swindell*, 72 AD3d 1340, 1341 [2010], *lv denied* 15 NY3d 778 [2010]) and, further, is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Holmes*, 75 AD3d 834, 834-835 [2010], *lv denied* 15 NY3d 921 [2010]; *People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]). Although defendant's challenge to the voluntariness of his plea survives his waiver of appeal, this issue similarly is unpreserved due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Board*, 75 AD3d 833, 833 [2010]; *People v Hey*, 74 AD3d 1582, 1583 [2010], *lv denied* 15 NY3d 852 [2010]; *People v Smith*, 56 AD3d 894, 894-895 [2008], *lv denied* 12 NY3d 788 [2009]). The narrow exception to the preservation requirement was not triggered here as defendant did not make any statements during his plea colloquy that were inconsistent with his guilt (*see People v Board*, 75 AD3d at 833; *People v Smith*, 56 AD3d at 895). Defendant's responses to County Court's questioning were sufficient to establish the elements of the crime charged (*see People v Glynn*, 73 AD3d 1290, 1291 [2010]; *People v Corbett*, 52 AD3d 1023, 1024 [2008]).

To the extent that defendant's ineffective assistance of counsel claim survives his waiver of the right to appeal, it, too, is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Holmes*, 75 AD3d at 835; *People v Jenks*, 69 AD3d

1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]). In any event, our review of the record reveals that defendant received meaningful representation.

As to defendant's claim that the predicate felony statement was insufficient to support sentencing him as a second felony offender, we note that defendant was provided with a copy of the statement at sentencing, had an opportunity to review that document with counsel and voiced no objection thereto; thus, defendant's challenge in this regard is not preserved for our review (*see People v Glynn*, 72 AD3d 1351, 1351-1352 [2010], *lv denied* 15 NY3d 773 [2010]). Further, defendant admitted the prior offense, and the supporting documentation submitted with the People's predicate felony statement was sufficient to "establish that defendant had been convicted of a felony offense within the relevant statutory period as tolled by an intervening period of incarceration" (*People v Ellis*, 60 AD3d 1197, 1198 [2009]; *see* CPL 400.21 [2]; Penal Law § 70.06 [1] [b] [iv], [v]; *People v McDowell*, 56 AD3d 955, 956 [2008]).

Finally, defendant's challenge to the severity of his sentence is precluded by his waiver of the right to appeal (*see People v Swindell*, 72 AD3d at 1341; *People v Smith*, 37 AD3d 975, 976 [2007], *lv denied* 9 NY3d 881 [2007]). Accordingly, the judgment of conviction is affirmed.

Spain, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.