■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD B. WALKER, Appellant. [923 NYS2d 915]—

Stein, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 28, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the third degree (two counts).

Defendant pleaded guilty to two counts of burglary in the third degree in full satisfaction of a four-count indictment as well as any other criminal charges pending against him or for which he was under investigation in Albany County. Pursuant to the plea agreement, defendant was sentenced to an aggregate prison term of 2½ to 7½ years. Defendant now appeals.

Upon our review of the record, we conclude that defendant's waiver of his right to appeal was valid (*see People v Belle*, 74 AD3d 1477, 1479 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Ashley*, 71 AD3d 1286, 1286 [2010], *affd* 16 NY3d 725 [2011]; *People v Mitchetti*, 13 AD3d 673, 673 [2004], *lv denied* 4 NY3d 766 [2005]). During the plea colloquy, County Court explained each of the rights that defendant was giving up by pleading guilty, addressing his waiver of the right to appeal separately. County Court specifically inquired of defendant if he understood the right he was waiving, answered defendant's question about the waiver and read the entire written waiver aloud to ensure that defendant had complete knowledge of its terms.

Defendant's claim that he was denied the effective assistance

of counsel is precluded by his valid appeal waiver except to the extent that it implicates the voluntariness of his plea (*see People v Belle*, 74 AD3d at 1480; *People v Scitz*, 67 AD3d 1251, 1251 [2009]). However, defendant failed to preserve this issue for our review through a motion to withdraw his plea or vacate the judgment of conviction (*see People v Caldwell*, 80 AD3d 998, 998 [2011]; *People v Holmes*, 75 AD3d 834, 835 [2010], *lv denied* 15 NY3d 921 [2010]; *People v Belle*, 74 AD3d at 1480; *People v Scitz*, 67 AD3d at 1251-1252). Defendant's argument that the sentence imposed is harsh and excessive is also foreclosed by his valid appeal waiver (*see People v Caldwell*, 80 AD3d at 999; *People v Belle*, 74 AD3d at 1480; *People v Scitz*, 67 AD3d at 1252).

Mercure, J.P., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.