■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ELDER, Appellant. [932 NYS2d 734]—

Defendant pleaded guilty to criminal contempt in the first degree after he violated an order of protection requiring him to stay away from a former girlfriend. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to 2 to 4 years in prison. He was sentenced accordingly and he now appeals.

Defendant's sole contention is that the sentence is harsh and excessive. Based upon our review of the record, we disagree. Defendant has an extensive criminal record that includes numerous parole violations. He has exhibited a complete disregard for the order of protection, and personnel at the Crime Victims Assistance Program have reported that he has "severely traumatized" his former girlfriend. In view of this, and given that defendant agreed to the sentence as part of the plea agreement, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Mason*, 2 AD3d 1207, 1207-1208 [2003]; *see also People v Fletcher*, 309 AD2d 1085, 1086 [2003], *lv denied* 1 NY3d 571 [2003]).

Mercure, J.P., Lahtinen, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.