■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE M. GARDNER, Appellant. [956 NYS2d 227]—

Rose, J.P.

According to defendant, he was denied the effective assistance of counsel, and his guilty plea and appeal waiver were the result of this claimed ineffectiveness. While defendant's assertion would normally be unpreserved for our review in light of the absence of proof in the record before us that he made a motion to withdraw his plea or vacate the judgment of conviction (*see People v Walker*, 84 AD3d 1643, 1643-1644 [2011]), we conclude that defendant's claim at sentencing that he felt counsel had not adequately explained the earlier plea offer to him sufficiently "constituted a motion to vacate his plea and, therefore, preserved this claim for the purposes of appeal" (*People v Walley*, 63 AD3d 1284, 1285 n [2009]). Nonetheless, defendant's contention that his counsel was ineffective for "fail[ing] to take the

steps necessary to hold open the existing settlement offer through the conclusion of discovery and motion practice'' has no support in this record. To the contrary, the only information before us concerning the reason the prior offer was allowed to expire comes from defendant's own statement at sentencing whereby he indicated that it was his decision to reject the offer based upon a television program he viewed in jail, as well as advice he received from other inmates who told him that he would get a better plea offer if he waited. Thus, the record proof does not support the claim that defendant was not afforded meaningful representation or that counsel failed to fully explain the consequences of declining the initial offer (*see People v Volfson*, 69 AD3d 1123, 1124 [2010]). To the extent that defendant's claims could be otherwise demonstrated by proof outside the record, they would more adequately be addressed by way of a CPL article 440 motion (*see id.* at 1125).

Lastly, upon review of defendant's preserved claim that his sentence is harsh and excessive, "we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice" (*People v Herring*, 74 AD3d 1579, 1580 [2010]; *see People v Elder*, 89 AD3d 1278, 1279 [2011], *lv denied* 18 NY3d 923 [2012]).

Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.