Garry, J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered May 3, 2010 in Clinton County, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
The facts of this case are more fully set out in our prior decision in this matter (69 AD3d 1223, 1223-1224 [2010]). Defendant was convicted on charges stemming from incidents involving his children, including one wherein he inadvertently shot his son during an altercation (id. at 1223-1224). We reversed and, upon remittal, defendant pleaded guilty to assault in the second degree and waived his right to appeal. Supreme Court sentenced defendant to a prison term of five years, to be followed by three years of postrelease supervision. Defendant now appeals, and we affirm.
Defendant asserts that the plea colloquy did not establish that he acted recklessly as required to establish the crime of second-degree assault (see Penal Law §§ 15.05 [3]; 120.05 [4]). Such an attack upon the factual sufficiency of the plea is precluded by defendant’s waiver of the right to appeal both his conviction and sentence which, contrary to his assertion, we find to be valid (see People v Holmes, 75 AD3d 834, 834-835 [2010] , lv denied 15 NY3d 921 [2010]; People v Swindell, 72 AD3d 1340, 1341 [2010], lv denied 15 NY3d 778 [2010]). Moreover, to the extent that defendant’s challenge to his guilty plea can be construed as an attack upon its voluntariness, which survives his appeal waiver, the record does not indicate that he moved to withdraw his plea or vacate the judgment of conviction, rendering the issue unpreserved for our review (see People v Martinez, 79 AD3d 1378, 1378 [2010], lv denied 16 NY3d 798 [2011] ; People v Holmes, 75 AD3d at 834-835). Nor are we persuaded that the narrow exception to the preservation requirement was triggered here. Although defendant was *1025 initially unwilling to admit that his behavior had been reckless, he ultimately conceded that his actions in brandishing a loaded pistol during the altercation had been just that (see e.g. People v White, 75 AD3d 109, 120 [2010], lv denied 15 NY3d 758 [2010]; People v Rodriguez, 144 AD2d 273, 275 [1988], lv denied 73 NY2d 1021 [1989]). The plea allocution as a whole was thus consistent with defendant’s guilt, did not call into question the voluntariness of his plea and demonstrated that he knowingly, intelligently and voluntarily pleaded guilty (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Martinez, 79 AD3d at 1378-1379).
Mercure, J.E, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.