■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK DOZIER, Also Known as WES, Also Known as MALE, Also Known as BORN, Appellant. [981 NYS2d 626]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 4, 2009, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

Defendant was charged in a 14-count indictment with various crimes relating to, among other things, the sale and possession of cocaine and heroin. In satisfaction of the indictment, he pleaded guilty to criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree and waived his right to appeal his conviction and sentence. In accordance with the plea agreement, County Court sentenced defendant to 12 years in prison and five years of postrelease supervision on the sale count and a consecutive term of 6¹/₂ years in prison and three years of postrelease supervision on the possession count. Defendant appeals.

Although defendant's challenge to the voluntariness of his plea survives his waiver of the right to appeal, that claim is not preserved for our review because the record does not reveal that he made an appropriate postallocution motion (see *People v Bonville*, 104 AD3d 1024, 1024 [2013]). While a guilty plea does not forfeit review of the denial of a suppression motion (see CPL 710.70 [2]; *People v Issac*, 107 AD3d 1055, 1056 [2013]), such

review is foreclosed by defendant's valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Stone*, 105 AD3d 1094, 1094-1095 [2013]). The valid appeal waiver also precludes defendant's argument that the sentence was harsh and excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Schanz*, 82 AD3d 1417, 1417 [2011], *lv denied* 17 NY3d 800 [2011]).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.