■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON J. TROMBLEY, Appellant. [982 NYS2d 791]—Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 10, 2010, convicting defendant upon his plea of guilty of the crimes of vehicular manslaughter in the first degree, vehicular assault in the second degree and driving while ability impaired by drugs, and the traffic infraction of driving to the left of pavement markings.

On October 16, 2009, a motor vehicle being operated by defendant crossed into the oncoming lane of traffic, resulting in a head-on collision with a vehicle headed in the opposite direction, killing two passengers in that vehicle and seriously injuring its driver. In full satisfaction of an eight-count indictment, defendant pleaded guilty to vehicular manslaughter in the first degree, vehicular assault in the second degree, driving while ability impaired by drugs and driving to the left of pavement markings. County Court thereafter sentenced defendant to an aggregate prison term of 5$^{1}$/$_{3}$ to 16 years. Defendant appeals.

We affirm. Defendant's contentions that his plea was not voluntarily, knowingly or intelligently made and that he was denied the effective assistance of counsel are not preserved for our review, inasmuch as the record does not reveal that he made an appropriate postallocution motion (*see People v Gathers*, 106 AD3d 1333, 1334 [2013], *lv denied* 21 NY3d 1073 [2013]; *People v McGowan*, 98 AD3d 1192, 1192 [2012]). Moreover, regarding the plea, the narrow exception to the preservation requirement is inapplicable, insofar as defendant did not make any statements during the plea allocution that negated a material element of the crime or otherwise cast doubt upon his guilt (*see People v Sanat*, 108 AD3d 872, 872 [2013], *lv denied* 22 NY3d

1090 [2014]; *People v Sylvan*, 107 AD3d 1044, 1045 [2013]). Finally, regarding defendant's claim that his sentence is harsh and excessive, the record reveals no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence (*see People v Bean*, 102 AD3d 1062, 1063 [2013]; *People v Gardner*, 101 AD3d 1269, 1270 [2012], *lv denied* 20 NY3d 1061 [2013]).

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.