Lahtinen, J.E
Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered July 26, 2012, (1) upon a verdict convicting defendant of the crimes of rape in the third degree and assault in the second degree, and (2) convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree (two counts) and sodomy in the third degree.
Defendant was charged in an 11-count indictment with various sex crimes related to a 2010 rape of a 26-year-old victim and the sexual abuse of three children between the ages of 9 and 14 during 2002 and 2003. Defendant was tried on the charges related to the 2010 crimes and was convicted by a jury of rape in the third degree and assault in the second degree. He ultimately pleaded guilty to sexual abuse in the first degree (two counts) *1197 and sodomy in the third degree in full satisfaction of the charges related to the 2002-2003 crimes, with the understanding that the plea agreement would also resolve the sentencing aspect of his convictions on the 2010 crimes. As part of the plea agreement, defendant waived his right to appeal. In accordance with the plea agreement, defendant was thereafter sentenced, as a second felony offender, to concurrent prison terms of four years, with 10 years of postrelease supervision, for the rape conviction and seven years, with five years of postrelease supervision, for the assault conviction. For the convictions related to the 2002-2003 crimes, defendant was sentenced to concurrent prison sentences of 3 to 6 years for the sexual abuse convictions and 2 to 4 years for the sodomy conviction, with these sentences to run consecutively to the sentences for the rape and assault convictions. Defendant appeals.*
Upon review of the record, we conclude that, contrary to defendant’s claim, his waiver of the right to appeal was valid. County Court distinguished the right to appeal from the rights automatically forfeited upon a plea of guilty. Defendant also executed a written waiver in open court and he acknowledged that he had discussed the waiver with counsel and that he understood that the waiver pertained to the convictions for both the 2002-2003 crimes and the 2010 crimes. County Court further confirmed that defendant understood that, by executing the waiver, defendant was knowingly and voluntarily waiving his right to appeal (see People v Torres, 110 AD3d 1119, 1119 [2013], lv denied 22 NY3d 1044 [2013]; People v Marshall, 108 AD3d 884, 884 [2013], lv denied 22 NY3d 957 [2013). Defendant’s sole remaining claim, which relates to the sufficiency of his plea allocution to the sodomy conviction, is precluded by his valid appeal waiver (see People v Bonville, 104 AD3d 1024, 1024 [2013]; People v Swindell, 72 AD3d 1340, 1341 [2010], lv denied 15 NY3d 778 [2010]).
McCarthy, Garry and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.

 Defendant was later resentenced to determinate sentences of three years in prison, to be followed by five years of postrelease supervision, for the sexual abuse convictions, with the sentences to run concurrently with the sentence imposed for the sodomy conviction and consecutively to the sentences imposed for the convictions for the 2010 crimes. Defendant does not appeal from the resentencing.