# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 2, 2014                    105233
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MARCEL N. SMITH,
                    Appellant.
_____


Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.


_____


        Aaron A. Louridas, Delmar, for appellant.

        P. David Soares, District Attorney, Albany (Steven M. Sharp
of counsel), for respondent.


_____


Garry, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered May 3, 2012, convicting defendant upon
his plea of guilty of the crime of criminal possession of a
weapon in the second degree.

        Defendant pleaded guilty to criminal possession of a weapon
in the second degree in satisfaction of a pending indictment, and
further waived his right to appeal from the conviction and
sentence.  County Court imposed a sentence within the range
contemplated by the plea agreement, namely, a prison term of
seven years to be followed by postrelease supervision of five
years.  Defendant now appeals, and we affirm.

County Court was not obliged to "engage in any particular litany or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver," and it properly explained the waiver to defendant and ensured that he understood the waiver (People v Bradshaw, 18 NY3d 257, 265 [2011] [internal quotation marks and citation omitted]; see People v Colon, 101 AD3d 1161, 1161 [2012], lv denied 21 NY3d 1003 [2013]). Defendant's further challenge to the voluntariness of his guilty plea survives that waiver, but is nevertheless unpreserved for our review due to his apparent failure to raise the issue in an appropriate postallocution motion (see People v Trombley, 115 AD3d 1114, 1114 [2014], lv denied ___ NY3d ___ [Aug. 8, 2014]; People v Dozier, 115 AD3d 1001, 1001 [2014]). Defendant made no statements during the plea colloquy that would bring this case within the narrow exception to the preservation rule, and we perceive no reason "to take corrective action as a matter of discretion in the interest of justice" (People v Young, 102 AD3d 1061, 1061 [2013]; see People v Borden, 91 AD3d 1124, 1126 [2012], lv denied 19 NY3d 862 [2012]). Defendant's ineffective assistance of counsel argument, to the extent that it survives his appeal waiver, is similarly unpreserved for our review (see People v Livziey, 117 AD3d 1341, 1342 [2014]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]).

Defendant next asserts that County Court improperly abdicated its sentencing discretion, an issue reaching "the 'essential nature' of the right to be sentenced as provided by law" that is properly before us (People v Fuller, 57 NY2d 152, 156 [1982], quoting People v Craig, 295 NY 116, 120 [1946]; see People v Nolcox, 40 AD3d 1128, 1128 [2007], lv denied 9 NY3d 1037 [2008]; People v Halston, 37 AD3d 1144, 1145 [2007], lvs denied 8 NY3d 985 [2007]). His claim is without merit, however, as County Court expressly conditioned the "promise" to impose a sentence within the bargained-for range "upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (People v Selikoff, 35 NY2d 227, 238 [1974], cert denied sub nom. Selikoff v New York, 419 US 1122 [1975]; see People v Hicks, 98 NY2d 185, 188 [2002]).

Defendant's valid appeal waiver forecloses review of his contention that the sentence is harsh and excessive (see People v Dozier, 115 AD3d at 1002).

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court