Stein, J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J), rendered May 20, 2013, convicting defendant upon her plea of guilty of the crimes of assault in the second degree and endangering the welfare of a vulnerable elderly person in the first degree.
Following an investigation into the stabbing of defendant’s paramour who suffers from Alzheimer’s disease, defendant was arrested for assault in the first degree. Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to the reduced charge of assault in the second degree and endangering the welfare of a vulnerable elderly person in the first degree as charged in a superior court information. In addition, the plea agreement required defendant to waive her right to appeal all but the sentence imposed and any constitutional issues. Defendant was thereafter sentenced to concurrent prison terms of five years, followed by three years of postrelease supervision, for the assault conviction and 1½ to 4½ years on the endangerment conviction. Defendant appeals.
We are unpersuaded by defendant’s contention that the appeal waiver is invalid. County Court fully explained the nature of the right to appeal and elicited from defendant that she understood the right that she was relinquishing, which defense counsel confirmed upon conferring with defendant (see People v Smith, 121 AD3d 1131, 1131-1132 [2014]; People v Smith, 81 AD3d 1034, 1035 [2011], lv denied 16 NY3d 899 [2011]). In our view, defendant knowingly, voluntarily and intelligently waived her right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Garrand, 100 AD3d 1156, 1156-1157 [2012], lv denied 20 NY3d 1011 [2013]).
Next, to the extent that defendant challenges the factual sufficiency of her guilty plea, such claim is precluded by the appeal waiver (see People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]; People v Durham, 110 AD3d 1145, 1145 [2013]), and is also unpreserved for our review as the rec *1342 ord does not indicate that she made the appropriate postallocution motion (see People v Watson, 115 AD3d 1016, 1016 [2014], lv denied 24 NY3d 965 [2014]). Finally, regarding defendant’s claim that the sentence is harsh and excessive, County Court was aware of and considered all relevant factors in imposing sentence. Finding no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice, the sentence imposed will not be disturbed (see People v Jarvis, 115 AD3d 1121, 1121 [2014], lv denied 23 NY3d 1038 [2014]).
Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the judgment is affirmed.