The People of the State of New York, Plaintiff, Respondent, -
against
Shawn E. Lawrence, Appellant.



Appeal from two judgments of the District Court of Suffolk County, First District (Toni A. Bean, J.), rendered July 18, 2012. The judgments convicted defendant, upon his pleas of guilty, of resisting arrest and harassment in the second degree, respectively.




ORDERED that so much of the appeal as is from the judgment convicting defendant of harassment in the second degree is dismissed as abandoned; and it is further,
ORDERED that the judgment convicting defendant of resisting arrest is affirmed.
According to an accusatory instrument charging defendant with assault in the third degree (Penal Law § 120.00 [1]), on July 6, 2010, in North Amityville, Suffolk County, defendant punched his girlfriend in her right eye. As a result, she underwent surgery, and lost a substantial portion of the vision in her right eye. A separate accusatory instrument charging defendant with resisting arrest (Penal Law § 205.30) alleged that, on July 8, 2010, defendant intentionally prevented a Suffolk County police officer from arresting him on the assault charge.
Subsequently, in 2011, defendant was arrested in connection with several unrelated charges.
On July 18, 2012, defendant appeared before Suffolk County District Court Judge Toni A. Bean. Defendant entered into a plea agreement which provided that he would plead guilty to the resisting arrest charge, and to harassment in the second degree in satisfaction of the assault charge, and that the 2011 charges would be dismissed. Defendant would be sentenced to time served on both convictions. Surcharges and fees totaling $320 would be imposed.
The court then conducted an allocution of defendant. Defendant agreed that he was pleading guilty because he was in fact guilty. No one had forced him to plead guilty. He had had the opportunity to discuss the matters with his attorney, whose services he was satisfied with. He understood that, by pleading guilty, he was giving up his right to remain silent, his right to a trial, his right to confront the witnesses against him, and his right to require the People to prove the case against him beyond a reasonable doubt. Defendant then admitted that, "on July 6, 2010, at approximately 10:45 p.m.," he intended "to harass, annoy, or alarm" his girlfriend, by subjecting "her to physical contact when [he] had no legal purpose to do so," and that, on July 8, 2010 at approximately 5:03 p.m., when "officers attempted to place [him] under arrest for the charge of assault," he had refused to put his hands behind his back, "he pushed away from the . . . officers, and [he] twisted [his] body until [he was] eventually subdued." The court immediately sentenced defendant on his conviction of resisting arrest to time served. The court also issued a two-year order of protection in favor of defendant's girlfriend and against defendant, and imposed a total of $200 in surcharges.
Defendant appealed, and his prior counsel filed an Anders brief (Anders v California, 386 US 738 [1967]). This court held the appeal in abeyance upon a finding that the Anders brief was inadequate, and new counsel was assigned to prosecute the appeal (52 Misc 3d 132[A], 2016 NY Slip Op 51004[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
 Defendant now claims that the judgment convicting him of resisting arrest should be [*2]reversed, and the accusatory instrument charging that offense dismissed, on the ground that the plea thereto was factually insufficient because it did not establish the elements of resisting arrest. Among other things, defendant argues that the record is silent as to whether the arresting officers informed him either of the reason for his arrest or that he was under arrest while the officers were subduing him. Moreover, defendant was never asked during the plea proceeding if the police had told him that he was under arrest. The District Court also never asked about any of the surrounding facts and circumstances regarding the incident, so as to establish that defendant intended to commit the crime of resisting arrest.
Defendant's contention is unpreserved for appellate review. Defendant could have moved to vacate the judgment of conviction pursuant to CPL 440.10, but failed to do so. The plea in this case does not qualify for the "rare case" exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Davis, 24 NY3d 1012, 1013 [2014]; People v Peque, 22 NY3d 168, 182 [2013]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Lopez, 71 NY2d 662, 666 n 2 [1988]). In any event, defendant's claim is without merit. It is well settled that "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime. Nor is [t]he court's duty to inquire further . . . triggered merely by the failure of a pleading defendant, whether or not represented by counsel, to recite every element of the crime pleaded to' " (People v Goldstein, 12 NY3d 295, 301 [2009], quoting People v Lopez, 71 NY2d at 666 n 2). "It is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301).
During the plea allocution, defendant stated that he understood that he was admitting that he had made physical contact with his girlfriend, that, two days later, police officers had attempted to arrest him for the charge of assault, and that he had resisted arrest. Nothing in the allocution cast significant doubt on defendant's guilt, negated an essential element of the crime, or called into question the voluntariness of the plea (see People v Anlyan, 142 AD3d 670, 670-671 [2016]; People v Colliton, 130 AD3d 642 [2015]). Defendant's affirmative responses to the District Court's questions during the allocution were sufficient to establish his guilt (see People v Anlyan, 142 AD3d at 671; People v Griffith, 136 AD3d 1114, 1115 [2016]; People v Martinez, 79 AD3d 1378, 1378-1379 [2010]; People v Bosticco, 52 Misc 3d 140[A], 2016 NY Slip Op 51169[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; cf. People v Worden, 22 NY3d 982, 984-986 [2013]).
Accordingly, the judgment convicting defendant of resisting arrest is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: February 14, 2017