People v Wimberly (2021 NY Slip Op 02845)





People v Wimberly


2021 NY Slip Op 02845


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

110407
[*1]The People of the State of New York, Respondent,
v
Savion Wimberly, Appellant.

Calendar Date:April 16, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 25, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Pursuant to a plea agreement, defendant, age 16, executed a waiver of indictment and pleaded guilty to criminal possession of a weapon in the second degree as charged in a superior court information, admitting that he possessed a loaded handgun. As part of the agreement, which contemplated a sentence of five years followed by five years of postrelease supervision, defendant was required to sign a written waiver of appeal and pay restitution. County Court indicated that, as this was an armed felony, defendant was not an eligible youth for purposes of youthful offender sentencing but, upon receipt of the presentence report, the court would consider whether he was an eligible youth who should be granted youthful offender treatment under the factors set forth in CPL 720.10 (3), subject to the People's consent. If such an adjudication were not warranted, the court would impose the contemplated sentence. At sentencing, the court declined to adjudicate defendant as a youthful offender and sentenced him in accordance with the plea agreement. Defendant appeals.[FN1]
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. We find that there is at least one issue of arguable merit with respect to the validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the denial of youthful offender adjudication (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Turner, 166 AD3d 1074, 1075 [2018]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.



Footnotes

Footnote 1: Although the notice of appeal contains an incorrect date for the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Favreau, 174 AD3d 1226, 1227 n [2019], lv denied 34 NY3d 980 [2019]).