People v West (2021 NY Slip Op 05043)





People v West


2021 NY Slip Op 05043


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

110509
[*1]The People of the State of New York, Respondent,
v
Skylar West, Appellant.

Calendar Date:September 3, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Thomas J. Butler, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 2, 2018, convicting defendant upon his plea of guilty of the crime of gang assault in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to gang assault in the first degree. As part of the plea agreement, defendant was required to waive his right to appeal and executed a written waiver of appeal. In exchange, defendant was promised a prison sentence of no less than seven years and no more than 10 years, to be followed by five years of postrelease supervision. County Court thereafter declined to adjudicate defendant as a youthful offender and imposed a prison sentence of 10 years, to be followed by five years of postrelease supervision.[FN1] Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. We find that there is an issue of arguable merit with respect to the validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the denial of youthful offender adjudication and the severity of the sentence (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Robinson, 195 AD3d 1235, 1236 [2021]; People v Wimberly, 194 AD3d 1122, 1123 [2021]; People v Turner, 166 AD3d 1074, 1075 [2018]). Accordingly, without passing judgment on the ultimate merit of these issues, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.



Footnotes

Footnote 1: Although the plea agreement contemplated that defendant's sentence was to be served consecutively to a prior undischarged term of imprisonment, County Court did not direct such at the time of sentencing. As such, defendant's 10-year determinate sentence must run concurrently with his prior undischarged term of imprisonment (see Penal Law § 70.25 [1] [a]).