People v Haas (2022 NY Slip Op 04061)

People v Haas

2022 NY Slip Op 04061

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112428
[*1]The People of the State of New York, Respondent,
v
Robert Haas, Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Larkin Ingrassia, LLP, Newburgh (Brittany A. Kessler of counsel), for appellant.
Taylor Fitzsimmons, Special Prosecutor, Fort Edward, for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 30, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In 2014, defendant was indicted on various weapons charges following the execution of a search warrant on his storage locker. Defendant ultimately pleaded guilty to one count of criminal possession of a weapon in the third degree. Pursuant to the plea agreement, County Court sentenced defendant to a prison term of three years followed by five years of postrelease supervision. Defendant appeals.[FN1]
We affirm. Defendant's sole contention on appeal is that his plea allocution was insufficient on the basis that his admitted possession of an "assault rifle," an element of the crime, failed to establish that the weapon in question met the statutory definition of an assault weapon (see Penal Law §§ 265.00 [22] [a]; 265.02 [7]). Initially, as defendant concedes, he failed to preserve his contention by an appropriate postallocution motion (see CPL 220.60 [3]; People v Dickerson, 198 AD3d 1190, 1193-1194 [2021]). We disagree, however, that the issue is reviewable under the narrow exception to the preservation rule, as defendant made no statements that negated an element of the crime or cast doubt upon his guilt or the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Willard, 159 AD3d 1228, 1229 [2018], lv denied 31 NY3d 1154 [2018]). We further note that "'an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime'" (People v King, 166 AD3d 1236, 1237 [2018], quoting People v Goldstein, 12 NY3d 295, 301 [2009]; see People v Martinez, 79 AD3d 1378, 1379 [2010], lv denied 16 NY3d 798 [2011]; People v Kaszubinski, 55 AD3d 1133, 1136 [2008], lv denied 12 NY3d 855 [2009]). Even if the narrow exception to the preservation rule was triggered, the plea colloquy reflects that defendant understood the charge and made a knowing, voluntary and intelligent decision to plead guilty (see People v Goldstein, 12 NY3d at 301; People v Woods, 147 AD3d 1156, 1157 [2017], lv denied 29 NY3d 1089 [2017]; People v Martinez, 79 AD3d at 1379). In view of the foregoing, we decline defendant's invitation to vacate his plea in the interest of justice (see People v Grainger, 199 AD3d 1070, 1072 [2021]).
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although the notice of appeal contains an incorrect date for the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Wimberly, 194 AD3d 1122, 1122 n [2021]).